IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAUL JACOBO CASTANEDA, 1170560, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1714-K |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges his convictions for possession with the intent to deliver methamphetamine and delivery of a controlled substance. *State v. Castaneda*, Nos. F0221066-IV and F-0221065-IV (292nd Jud. Dist. Ct., Dallas County, Tex., May 15, 2003). A jury found him guilty on both counts and assessed punishment at thirty-five years in prison on each count, to run concurrently. *Id*. His convictions were affirmed on appeal. *Castaneda v. State*, Nos. 10-03-223-CR and 10-03-224-CR (Tex. App. – Waco, Dec. 29, 2004, no pet.). He did not file a petition for discretionary review.

On February 11, 2004, Petitioner filed two state application for writ of habeas corpus. *Ex parte Castaneda*, Nos. 58,700-01, -02 (Tex. Crim. App. July 21, 2004). The Court of Criminal Appeals dismissed both applications because Petitioner's direct appeal was still pending. On

December 20, 2005, Petitioner filed his third and fourth state applications for writ of habeas corpus. *Ex parte Castaneda*, Nos. 58,700-03, -04. On November 15, 2006, the Court of Criminal Appeals denied the applications without written order on the findings of the trial court.

On February 25, 2005, Petitioner filed his first federal petition for writ of habeas corpus. *Castaneda v. Dretke*, No. 3:05-CV-406-L. That petition was dismissed without prejudice for failure to exhaust state remedies. On September 9, 2006, Petitioner filed this federal petition for writ of habeas corpus. He argues:

(1) he received ineffective assistance of counsel because his trial attorney:

    (a) failed to file pre-trial motions;

    (b) failed to obtain independent drug testing;

    (c) failed to object to:

        (1) the state's raising the deadly weapon issue during the guilt/innocence phase of the trial;

        (2) the state's introducing testimony designed to unfairly prejudice the jury against Petitioner on the basis of nationality and ethnicity;

        (3) submission of the deadly weapon issue when the indictment did not contain a deadly weapon allegation;

    (d) failed to file a motion to suppress the gun; and

    (e) failed to adequately prepare for trial;

(2) he received ineffective assistance of appellate counsel because his attorney:

    (a) failed to raise the issue that the state did not provide timely pre-trial notice of its intent to seek a deadly weapon finding; and

    (b) failed to argue that trial counsel was ineffective.

## II. Factual Background

The following factual background is taken from the opinion of the Tenth District Court of Appeals.

> Houston police arrested Pedro Madrigal for possession of about three pounds of methamphetamine. Madrigal cooperated with police and provided the name of his supplier, Javier Molina, in Dallas. It is undisputed that Javier Molina is Raul Castaneda. Madrigal arranged for his wife and an undercover officer to meet with Castaneda to purchase one pound of methamphetamine. The material they purchased field-tested positive for methamphetamine and weighed about one pound. A second purchase of 8-10 pounds was arranged with the intent to arrest Castaneda. Madrigal's wife went to Castaneda's apartment alone, confirmed methamphetamine was there, and accompanied Castaneda to another location to receive money from the undercover officer. Police pulled Castaneda over before he reached his destination; he was driving a white Ford Mustang that was registered to someone else. Castaneda refused to consent to a search of the apartment but was arrested and transported back to the apartment. Police then obtained a search warrant for the apartment. Castaneda did give verbal consent for a search of a white pickup truck parked near the apartment, but said he did not own it. The truck's registration listed one of the owners as Javier Molina. The police searched the apartment and truck and found two loaded handguns, pictures of Castaneda with the same handguns, documents reflecting money transfers to Mexico, $6,000 in cash, components used in the packaging and distribution of methamphetamine, a digital scale, a press, and more than 31 pounds of methamphetamine.

*Castaneda v. State*, slip op. at 2.

## III. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

**2.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

## A.    Trial Counsel

### (a) Pre-Trial Motions

Petitioner argues trial counsel was ineffective because he failed to file pre-trial motions. Petitioner fails to state which pre-trial motion his counsel should have filed, and fails to show how filing such motions would have changed the outcome of the trial. Additionally, the record shows that trial counsel did file pre-trial motions, including: (1) a motion for discovery, production and inspection of evidence; (2) a motion for production and inspection of evidence which may lead to exculpatory evidence; (3) a motion to require disclosure of the informer's identity; (4) a motion requesting notice of the prosecution's intent to use certified copies of official written instruments; (5) a Rule 404(b) motion for notice of intent to offer extraneous conduct; (6) a motion to list witnesses and request for criminal histories; (7) a motion to require the state to reveal any agreement entered into between the state and any prosecution witness that could conceivably influence testimony; (8) a motion to prohibit the state from attempting to introduce statements allegedly made by the defendant without a prior hearing on admissibility; and (9) two motions in limine. (Clerk's Record at 7-38). Petitioner's claim is without merit and should be denied.

### (b) Independent Drug Testing

Petitioner argues his counsel was ineffective for failing to obtain independent testing of the methamphetamine. Petitioner, however, has failed to show that independent testing would have resulted in evidence favorable to the defense. Petitioner's claim of ineffective assistance of counsel is conclusory and should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### (c) Objections

Petitioner argues his counsel was ineffective for failing to object to: (1) evidence of the deadly weapon during the guilt/innocence phase of the trial; (2) testimony regarding Petitioner's nationality and ethnicity; (3) submission of the deadly weapon issue when the indictment did not contain a deadly weapon allegation; and (4) counsel failed to file a motion to suppress the gun evidence.

On state habeas review, Petitioner's trial counsel submitted an affidavit regarding the deadly weapon issue. He stated:

> 2) With regards to the deadly weapon issue, Counsel for the defense was faxed <u>Notice of the States Special Plea of Use or Exhibition of a Deadly Weapon</u> on May 9, 2003. I have attached a copy of the document. Notice was actual and written.
>
> 3) In order to pursue suppression of illegally obtained evidence, standing to do so must be established. After consulting with Mr. Castaneda, his position throughout trial was that he had been mistaken for the real drug dealer and that he had no privacy or ownership interests in the areas searched. Although he did not testify at trial, his intended testimony would not have established standing for a suppression issue.
>
> 4) All objections with a legal basis were made.

*Ex parte Castaneda*, 58,700-03 at 45-46; 58,700-04 at 67-68.

The trial court found defense counsel to be credible and denied Petitioner's claims. Petitioner has failed to show a legal basis for objecting to the deadly weapon evidence. Counsel is not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claim should be denied.

As to Petitioner's claim that his counsel failed to object to statements by the prosecutor regarding Petitioner's nationality and ethnicity, Petitioner has cited to no such statements in the record. Petitioner's claim is conclusory and should be denied.

### (d) Preparation

Petitioner argues his counsel was unprepared for trial. Petitioner, however, fails to state what other preparations his counsel should have made, or how such preparation would have altered the outcome of the trial. Petitioner's claim is conclusory and should be denied.

**B.     Appellate Counsel**

Petitioner argues his appellate counsel was ineffective for failing to argue that the state provided untimely notice of its intent to seek a deadly weapon finding. Under Texas law, "[a] defendant is entitled to notice that the State will seek an affirmative finding that a deadly weapon was used during the commission of the charged crime. Such notice need not be contained in the indictment under which the defendant is ultimately tried. Rather, the defendant is simply 'entitled to notice in some form that the use of a deadly weapon will be a fact issue at the time of prosecution.'" *Brooks v. State*, 847 S.W.2d 247, 248 (Tex. Crim. App. 1993) (citations omitted). There is no "definitive rule" for timeliness of notice. *Patterson v. State*, 138 S.W.3d 643, 647 (Tex. App. – Dallas 2004, no pet.); *see also, Williams v. State*, 172 S.W.3d 730, 737 (Tex. App.

– Fort Worth 2005, pet. ref'd) (finding eight days notice adequate for enhancement); *Fugate v. State*, 200 S.W.3d 781, 783 (Tex. App. – Fort Worth 2006) (finding seven days notice adequate).

In this case, the state provided defense counsel with five days notice of its intent to include the deadly weapon issue. On state habeas review, defense counsel did not claim that notice was inadequate or untimely. Counsel instead stated that he had no legal basis for objecting to the gun evidence. Petitioner has failed to show how he was prejudiced by the state's notice. He has failed to establish that his appellate counsel was ineffective for failing to object to the timeliness of notice. His claim should be denied.

Finally, Petitioner argues his appellate counsel was ineffective for failing to argue that trial counsel provided ineffective assistance of counsel. As discussed above, however, trial counsel was not constitutionally deficient. Petitioner's claim should be denied.

**3.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 2nd day of January, 2008.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).